UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDER CARTNER,

    Plaintiff,

        v.

GERALD FRAZIER,

    Defendant.

Civil Action No. 13-1016 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Alexander Cartner, who is 81 years old, brings this action against Gerald Fisher, a District of Columbia Superior Court judge whom he calls "Gerald Frazier." See Compl. at 1. Although difficult to decipher, his allegations complain that he and his wife, who is 86, were forcibly removed from their apartment and involuntarily placed in separate medical facilities. Id. at 1-2. Although he was released after three months, she remains "incarcerat[ed] in Sibley Hospital," despite Plaintiff's efforts to liberate her. Id. at 4. "[A]n appointed bondsman," Nathan Neal, then allegedly committed perjury about these events in front of Judge Fisher, id. at 2-3, whom the Court infers was presiding in probate court.

In moving to dismiss, Judge Fisher offers some further background by citing prior court decisions. The Court may take judicial notice of such public records without converting Defendant's Motion into one for summary judgment. See Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004). An Order issued by Judge Fisher and appended to Defendant's Reply indicates that the District of Columbia "initiated intervention proceedings after discovering that Ms. Cartner and Mr. Cartner were living in deplorable and unsafe conditions," and that Plaintiff "was not capable of taking care of Ms. Cartner . . . [and] was preventing social and medical service

providers from rendering appropriate care to [her]." Reply, Exh. 1 (Order of June 26, 2013, in Case No. 2011-INT-313) at 2. After an evidentiary hearing regarding the Cartners' situation, a different Superior Court judge appointed Nathan Neal, Esq., "to be Ms. Cartner's guardian and conservator." Id. at 2-3.

Although there are many reasons why dismissal is proper here, the simplest ground may be through the application of the doctrine of judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). The purpose of the doctrine is to "protect judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants," Forrester v. White, 484 U.S. 219, 225 (1988) (citation omitted) – precisely the case here. As a result, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citation and internal quotation omitted).

Although it is unclear precisely what Plaintiff believes Judge Fisher did wrong in this case, there is no doubt that his acts were all committed in his judicial role. The Complaint must thus be dismissed. An Order so ruling will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:   August 28, 2013